**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 95-30437**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**JOSEPH MELBERT,**

**Defendant-Appellant.**

Appeal from the United States District Court
For the Western District of Louisiana
(94-CR-20069)

May 30, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Joseph Melbert (Melbert), Harry Randolph, Louis Melbert and Pamela Griffin were charged in a nine count superseding indictment. Melbert was charged under counts 1-7 and count 9. Count 2 was dismissed on the government's motion. The court granted Melbert's motion for judgment of acquittal after the government's case in chief on counts 1, 3 and 4. The jury found Melbert not guilty on

---

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

count 5, but the jury found Melbert guilty on count 6 (possession with the intent to distribute powered cocaine on or about October 4, 1994), count 7 (possession with intent to distribute cocaine base, crack, on or about October 4, 1994), and count 9 (using and carrying a firearm in connection with a drug trafficking offense). Melbert timely appeals.

On appeal, Melbert moved to file a supplemental brief in order to assert his right to the benefits of the decision of the United States Supreme Court in **Bailey v. United States**, 116 S. Ct. 501 (1995), which was decided during appeal. The government concedes that the facts and circumstances involved in Melbert's conviction under count 9 for a violation of 18 U.S.C. § 924(c)(1) would not support a determination that he used or carried a weapon during a drug offense as now defined in **Bailey**. Accordingly, we reverse Melbert's conviction on count 9 and vacate his sentence thereon. We deny the motion to file a supplemental brief as moot.

Melbert also claims error on the part of the trial court in failing to grant his motion to suppress certain evidence and various sentencing errors. We have carefully reviewed the briefs, the reply briefs, the record excerpts and relevant portions of the record. We are satisfied that the findings of fact and conclusions of law made by the trial court at the suppression hearing were not clearly erroneous and that the findings of relevant conduct and quantities of drugs involved were amply supported by the evidence before the trial court. Accordingly, Melbert's convictions and sentence on counts 6 and 7 are affirmed.

As to count 9, conviction REVERSED and sentence VACATED.  As to counts 6 and 7, conviction and sentence AFFIRMED.